UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG CRANDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION, a Washington corporation, aka STARBUCKS COFFEE COMPANY, dba STARBUCKS COFFEE #5481; PAN CAL PRINCETON PLAZA, LLC, a California limited liability company,<br><br>    Defendants. | Case No. 5:14-cv-05316-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS**<br><br>Re: Dkt. No. 40 |

    Plaintiff Craig Crandall, who requires the use of a wheelchair for mobility, brought this suit claiming that, due to the presence of architectural barriers, he was denied full and equal access to the goods and services of a Starbucks store (Store) in San Jose, California. He asserted claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq. and related California statutes. This court is told that the primary point of contention in this litigation was whether accessible parking could be located at the front of the Store. After two site inspections, various settlement efforts, and a meeting between the parties' respective consultants (minus attorneys), plaintiff says that the parties eventually reached a resolution of the parking issue based on a solution proposed by his consultant.

The parties subsequently settled all of plaintiff's substantive claims. However, they are now before the court because they have not managed to resolve plaintiff's claim for his attorney's fees and costs. Crandall moves for an order awarding $35,714.00 in fees[1] and $4,033.94 in costs, for a total award of $39,747.94.

First, matters that are not contested: There is no dispute that plaintiff is entitled to his reasonable fees and costs, including those incurred in connection with the present motion. 42 U.S.C. § 12205; Cal. Civil Code § 52(a). It is also undisputed that, for purposes of this motion, plaintiff is the prevailing party (albeit, defendants take issue with the degree of success he obtained relative to the award he seeks). Defendants do not challenge the hourly rates charged by plaintiff's counsel or her paralegal staff.[2] And, plaintiff has submitted sufficient evidence establishing the reasonableness of those rates, including decisions of courts in this district that have approved the same rates sought here for the same timekeepers.[3]

The sole focus of defendants' opposition[4] to plaintiff's motion is the reasonableness of the number of hours spent on this litigation. For various reasons, defendants also urge this court to make a downward adjustment to the lodestar. Although the court granted the parties' requests to appear at the motion hearing by phone, there was no appearance by either side,[5] and the matter

---

[1] Defendants point out that, due to an apparent math error, plaintiff's lodestar was overstated by $1,089. Although there indeed appears to have been a calculation mistake (see Dkt. 40-1, Moore Decl., Ex. C, Complaint Table), this error apparently did not figure into plaintiff's request inasmuch as he asked for the same initial lodestar (not including additional time spent on preparation of his reply on the instant motion) identified by defendants. (See Dkt. 40 at ECF p. 2).

[2] The applicable hourly rate for plaintiff's counsel, Tanya Moore, is $350 and those of her paralegals Marekja Sacks, Whitney Law, and David Guthrie are $150, $125, and $95, respectively. Although these rates were raised in December 2015, plaintiff is seeking fees based only on the lower rates that were charged for the majority of this litigation.

[3] Dkt. 40-1, Moore Decl.; Dkt. 40-3 Sacks Decl.; Dkt. 40-5 Law Decl.; Dkt. 40-7 Guthrie Decl.; Kalani v. Starbucks Corp., No. 13-CV-00734-LHK, 2016 WL 379623 at *5-6 (N.D. Cal., Feb. 1, 2016); Hernandez v. Yen, No. 13-CV-01830-RMW, 2015 WL 5185669 at *3-4 (N.D. Cal., Sept. 4, 2015).

[4] Defendants' opposition consists of a four-page brief that does little more than summarize the ultimate conclusions of defendants' retained fee auditor, A. Mark Hom. Hom's 27-page declaration is, in effect, defendants' opposition brief.

[5] This court is informed that although counsel for both sides dialed in, the CourtCall service did not, for whatever reason, connect their call to the court.

1  was then deemed submitted.  Upon consideration of the moving and responding papers, this court
2  grants plaintiff's motion in part and denies it in part.

## LEGAL STANDARD

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Id.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  "Generally, the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)).  The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  Blum, 465 U.S. at 896 n.11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  United Steelworkers of America v. Phelps Dodge Co., 896 F.2d 403, 407 (9th Cir. 1990).

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993).  In determining a reasonable fee, the court may take into

account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. Chalmers, 796 F.2d at 1212.

**DISCUSSION**

Hom opines that the hours spent in this litigation by plaintiff's counsel and her staff are unreasonable for four reasons: (1) time was not recorded contemporaneously; (2) a number of entries consist of block billing; (3) the claimed hours include time spent on clerical tasks; and (4) there was excessive internal conferencing. Hom also says that a negative multiplier should be applied to the lodestar. And, defendants argue that some of plaintiff's claimed costs are duplicative or excessive. The court addresses each of these arguments in turn.

**A.  Contemporaneous time records**

Hom contends that although plaintiff's counsel says she uses timekeeping software with a contemporaneous timekeeping feature, neither she nor any of her paralegals say that their time was recorded contemporaneously. He opines that the submitted time records therefore must be given less credibility. These arguments fail to persuade.

To begin, Hom argues that federal courts require contemporaneous time records (Hom Decl. ¶ 30), but then goes on to cite Ninth Circuit authority stating that while contemporaneous time records are preferred, they are not absolutely necessary. See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) ("Although we have expressed a 'preference' for contemporaneous records, we have never held that they are absolutely necessary. In fact, we have stated that fee requests can be based on reconstructed records developed by reference to litigation files.") (citation omitted). Moreover, plaintiff's counsel Tanya Moore avers that her firm uses "Clio law firm management software which provides a contemporaneous time keeping feature" and that "[w]hen a matter is started, the computerized timekeeper is activated, and the time is recorded." (Dkt. 40-1, Moore Decl. ¶ 9). Defendants' request to discredit the submitted time records, across the board, on this basis is denied.

**B.  Block Billing**

Hom suggests a 10% reduction in plaintiff's requested award on the ground that block

billing was used. Block billing is discouraged where discrete and unrelated tasks are lumped together because that practice can make it difficult, if not impossible, for the court to assess the reasonableness of the time spent on each task. Having reviewed the challenged entries, however, this court finds that many are not block billing, but a detailed description of a task or series of related tasks. Moreover, the alleged instances of block billing contain enough details about the identified tasks to allow the court to assess whether the amount of time spent on them was reasonable. See, e.g., Kalani, 2016 WL 379623 at *7 ("Such entries describing closely related tasks with a level of particularity generally do not impede the Court's ability to review the reasonableness of the hours expended."); Cruz v. Starbucks Corp., No. C-10-01868 JCS, 2013 WL 2447862 at *7 (N.D. Cal., June 5, 2013) (declining to reduce the requested fee award for alleged block billing where the time records were adequate to allow the court to determine whether the time spent on particular tasks is reasonable). The court therefore declines to reduce the requested fee award on this basis.

### C. Clerical Tasks

Hom contends that plaintiff's requested fees include time spent on non-recoverable administrative or clerical tasks. "Work that is 'clerical in nature" should be 'subsumed in firm overhead rather than billed at paralegal rates.'" LaToya A. v. San Francisco Unified Sch. Dist., No. 3:15-cv-04311-LB, 2016 WL 344558 at *9 (N.D. Cal., Jan. 28, 2016) (quoting Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009); see also Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." Nadarajah, 569 F.3d at 921.

Tasks such as preparing proofs of service, processing records, posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing have been found to be purely clerical tasks for which fees are not recoverable. LaToya, 2016 WL 344558 at *9; Yates v. Vishal Corp., No. 11-cv-00643-JCS, 2014 WL 572528 at *6 (N.D. Cal., Feb. 4, 2014).

Defendants acknowledge that not all of the challenged entries contain purely clerical tasks.

Indeed, the court does not view activities such as drafting mediation statements and other legal documents, communicating with the mediator or the client, and noting to the file the status of settlement discussions to be clerical in nature. Nevertheless, this court agrees that many of the challenged tasks are purely clerical and include activities such as preparing the complaint and summons for filing; opening case files; calendaring; printing, sending, and receiving documents; and downloading and scanning documents. Even so, the court declines defendants' suggestion to deduct the full time allotted, across the board, for clerical and non-clerical work. For those tasks which are clerical and that are interspersed in entries with non-clerical tasks, this court will deduct 0.1 per clerical task---which the court finds reasonable for the identified clerical tasks. Accordingly, 5.4 hours of Guthrie's time ($513.00) will be deducted, as will 0.7 hours of Law's time ($87.50) and 0.3 hours of Sacks' time ($45.00), for a total deduction of $645.50.

### D. Internal Conferencing

Hom next opines that the requested fees must be reduced for what he says is excessive conferencing between plaintiff's counsel and her paralegal staff. Based on his analysis, Hom says that the total time claimed for conferencing comprises over one-third of the total fee award sought. He contends that this percentage is excessive, noting that he "is aware" of a fee audit conducted in an unidentified large toxic tort case, involving several firms, where the percentage of conferencing time reportedly constituted no more than 1.9% of the total fees. (Hom Decl. ¶ 59).[6] And, while he acknowledges that the challenged entries do not constitute purely conferencing time (rather, each of the challenged entries contain a reference to conferencing), Hom recommends that the court allow no more than 10% of the lodestar for conferencing time.

To the extent plaintiff seems to suggest that reasonable conferencing time is limited to conferences between attorneys, this court disagrees. Counsel also have an obligation to "exercise billing judgment to avoid the unwarranted accumulation of small administrative tasks (such as instructions to paralegals) . . .." Kalani, 2016 WL 379623 at *10. Nevertheless, having reviewed

---

[6] Hom provides no foundation for the assertions he makes about this other case. In any event, as discussed above, this court is unpersuaded that these two cases are comparable or that what constitutes reasonable in one case should also be reasonable in a different one.

6

the submitted time records, this court finds no excessive conferencing here.

In the first place, Hom's estimate that the claimed conferencing time comprises over a third of the total requested fees is overblown in that it includes non-conferencing time. In the challenged entries, conferencing is but one of a series of related tasks. Many, if not most, of the entries are for less than 0.4 of an hour. This court is told that plaintiff's counsel's firm consists of plaintiff's counsel and her three paralegals. And, the time records suggest that the paralegals provide considerable assistance, under plaintiff's counsel's supervision, with tasks that might otherwise be performed by a lawyer at a much higher rate. The work documented in many of the challenged entries include substantial tasks, such as drafting pleadings, settlement agreements, and other legal documents; legal research; preparing responses to meet-and-confer communications; and preparing for mandatory settlement conferences and mediation. Moreover, Hom provides no authority for applying a set percentage to conferencing. See Cruz, 2013 WL 2447862 at *8 ("Further, the Court finds no authority that suggests that it would be appropriate to follow a bright-line rule as to the percentage of conferencing that is reasonable in any particular case.").

A deduction for alleged excessive conferencing is not warranted.

### E. Negative Multiplier

Once the lodestar has been calculated, it may be adjusted upward or downward to account for any relevant factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975) that were not subsumed in the initial calculation of the lodestar.[7] Chalmers, 796 F.2d at 1212.

---

[7] The twelve Kerr factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

"The Supreme Court has noted, however, that the Kerr factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." Id. (citing Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.). Moreover, there is a strong presumption that the lodestar figure represents a reasonable fee; and, thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by specific evidence in the record, that the lodestar amount is unreasonably low or unreasonably high. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

Here, Hom recommends that the lodestar should be adjusted downward---by a multiplier of .25---essentially because of proportionality principles and based on Hom's opinion that plaintiff is a serial disability access litigant. None of these arguments are convincing.

The court is not persuaded that a reduction is warranted based on plaintiff's alleged "limited success." Hom points out that plaintiff recovered statutory damages of only $4,000, whereas he is seeking a fee award that is over eight times that amount. Hom further opines that a reduction based on proportionality principles is particularly warranted since (1) this was a routine, non-complex case where non-compliance with the applicable accessibility laws was not disputed and, hence, little risk that plaintiff would not recover fees of some sort; and (2) it is his "understanding" that defendants incurred only $8,000 in the defense of this matter. This case does not strike the court as a complex one or one that presents novel issues. But, all indications are that plaintiff's success was anything but limited. The ADA provides plaintiff with only injunctive relief, and there is no dispute that he obtained all the injunctive relief he sought in this case. Moreover, plaintiff requested only his minimum statutory damages (see Dkt. 36 First Amended Complaint at 10)---and $4,000 is all that is available to him by statute. Cal. Civ. Code § 52(a).[8]

---

[8] California Civil Code § 52(a), part of the Unruh Act, provides:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage *but in no case less than four thousand dollars ($4,000),* and any attorney's fees that may be determined by the court in

8

1  Hom fails to provide sufficient foundation for his assertions as to defendants' attorney's fees
2  incurred in this matter, and plaintiff's objections to that testimony as speculative and hearsay are
3  sustained.  In any event, Hom provides no authority that the amount of defendants' attorney's fees
4  has any bearing on the determination of plaintiff's fee award.  And, the court is unpersuaded by
5  Hom's proposed proportionality ratio, which is inconsistent with legal authority.  See City of
6  Riverside v. Rivera, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult,
7  if not impossible, for individuals with meritorious civil rights claims but relatively small potential
8  damages to obtain redress from the courts.").

9  Hom nevertheless opines that a reduction is warranted because plaintiff is a serial disability
10 access litigant.  Here, Hom states his "understanding" that Crandall has filed seven accessibility
11 lawsuits against various establishments over the past two years, including two Starbucks stores
12 (one of which is the store at issue in this lawsuit).  Additionally, Hom says that a Pacer search
13 revealed that plaintiff's counsel filed eight disability access cases in December 2014 alone.
14 However, a serial disability access litigant is not necessarily an abusive one; and the Ninth Circuit
15 has cautioned that courts "must be particularly cautious about affirming credibility determinations
16 that rely on a plaintiff's past ADA litigation."  D'Lil v. Best Western Encina Lodge & Suites, 538
17 F.3d 1031, 1040 (9th Cir. 2008).  This is because the ADA's "provision for injunctive relief only
18 removes the incentive for most disabled persons who are injured by inaccessible places of public
19 accommodation to bring suit. . . . As a result, most ADA suits are brought by a small number of
20 private plaintiffs who view themselves as champions of the disabled." Id. (citation omitted).
21 Thus, "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be
22 necessary and desirable for committed individuals to bring serial litigation advancing the time
23 when public accommodations will be compliant with the ADA." Id. (citation omitted).

24 The cases cited by Hom are unpersuasive and readily distinguishable in any event.  Two
25 are unpublished/non-citable state court decisions, and one is a New York federal decision that has

---

27  addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.
28 Cal. Civ. Code § 52(a) (emphasis added).

been vacated---a point made by plaintiff and which neither Hom nor defendants ever mention.[9]

The court finds no basis to apply a negative multiplier.

Nevertheless, based on its independent review of the submitted timesheets, the court will make one modest deduction from Moore's time. There appear to be duplicate entries for 0.1 hours (total of 0.2 hours) spent reviewing the Certification of Mediation filed on September 24, 2015. (Dkt. 40-1, Moore Decl., Ex. B at p. 3). Even if the entries are not duplicates, the court sees no reason why the one-page form certification would have required a 12-minute review by Moore. Accordingly, 0.1 hour of Moore's time ($35.00) will be deducted from the fee award.

**F.     Costs**

In the only argument not made by Hom, defendants contend that plaintiff's claimed costs must be reduced because (1) "[p]laintiff does not offer an explanation why plaintiff used a different consultant for the pre-filing investigation" and (2) the consultant that plaintiff ended up using in the litigation was located in Fresno, and defendants believe that plaintiff should have used a consultant that was closer to San Jose.

Here, defendants object to new evidence submitted by plaintiff in his reply, i.e., the reply declaration submitted by Tanya Moore. To the extent that defendants object to Moore's attestations about the time spent preparing plaintiff's reply papers, defendants' objection is overruled. As discussed above, there is no dispute that plaintiff may seek fees, including those incurred in bringing the instant motion. The court finds that the time spent on preparing plaintiff's reply is reasonable. As for the remainder of Moore's declaration, the court finds it unnecessary to consider those matters in resolving this motion, and in that respect defendants' objection is deemed moot.

---

[9] Heyen v. Safeway, No. B243610, 2014 WL 2154676 (Cal. App., May 23, 2014) (reducing fees in a wage-and-hour litigation to account for the fact that the plaintiff obtained only 25% of the relief she sought); Costello v. Flatman, LLC, No. 11-CV-287 (SJ) (VVP), 2013 WL 1296739 (E.D.N.Y., Mar. 28, 2013) (denying fees where plaintiff's counsel failed to support the claimed hourly rate), vacated and remanded by Costello v. Flatman, LLC, 558 Fed. Appx. 59 (2d Cir. 2014); Molksi v. Evergreen Dynasty Corp., No. B208988, 2009 WL 2916771 (Cal. App., Sept. 14, 2009) (reducing fees where the plaintiff was deemed a vexatious litigant and achieved only limited success, and plaintiff's lawyer was found to be not skillful, over-pled the case, sought daily damages unauthorized by law, filed claims in federal district court that belonged in the state court, and sent demand letters containing false information about insurance coverage).

1  Defendants point out that plaintiff used one consultant, who conducted a pre-filing
2  investigation at a cost of $985.00 (Dkt. 40-1, Moore Decl., Ex. D), but then used a different
3  consultant in the litigation who then conducted, what defendants contend, was a duplicative post-
4  filing site inspection at a cost of $1,700.00 (Id., Ex. I).  However, the court does not find
5  duplicative the pre-filing investigation conducted to verify plaintiff's claims (id., Moore Decl. ¶
6  12) and the mandatory joint site inspection conducted post-filing to identify all access barriers in
7  the Store (and not just the ones plaintiff personally encountered) (Id. ¶ 17).  Nor is this court
8  persuaded by defendants' arguments that plaintiff was obliged to pick a consultant closer to San
9  Jose.  Plaintiff is entitled to choose his consultants.  Having reviewed plaintiff's submitted
10 invoices, the court does not find them to be vague or lacking in necessary detail.  No deductions
11 will be made from plaintiff's claimed costs.

## ORDER

Based on the foregoing, plaintiff's motion for fees and costs is granted in part and denied in part.  Plaintiff is awarded $35,033.50 in fees and $4,033.94 in costs, for a total award of $39,067.44.

The parties having settled all of plaintiff's claims, and this fee dispute being the sole remaining matter to be addressed in this case, the court directs the clerk to close this file.

SO ORDERED.

Dated:   May 25, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:14-cv-05316-HRL Notice has been electronically mailed to:

Shane Singh    Shane.Singh@lewisbrisbois.com, Anne.French@lewisbrisbois.com, Jeremy.Fallin@lewisbrisbois.com

Tanya Eugene Moore    tanya@moorelawfirm.com, ashley@moorelawfirm.com, david@moorelawfirm.com, isaac@moorelawfirm.com, marejka@moorelawfirm.com, whitney@moorelawfirm.com